**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

GREGG KIDNEY,

    Plaintiff,

LIVINGSTON COUNTY SHERIFF'S DEPARTMENT,

and SARGEANT KENDALL KRETZSCHMER,

DEPUTY RYAN TIBBETTS,

DEPUTY BRYAN UZONI, in their individual capacities,

    Defendants.

Case No. 2026 -    - CV

Hon.

---

NICHOLE A. OMILION (P86380)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, Fourth Fl
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
nichole@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

## COMPLAINT

NOW COMES Plaintiff, GREGG KIDNEY, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## PARTIES

1. Plaintiff seeks to hold Livingston County Sheriff's Department, Sargent Kendall Kretzschmer, and Deputies Ryan Tibbetts and Bryan Uzoni liable under 42 U.S.C. § 1983 for their infliction of excessive force upon him during a July 06, 2024, encounter that culminated in Mr. Kidney being seriously injured.

2. Plaintiff's § 1983 claim against the Defendants rests upon the Fourth Amendment right to be free from excessive force.

3. Plaintiff is, and was at times relevant, a citizen of the United States, and a resident of the State of Michigan and the City of Petersburg, in Monroe County.

4. Defendant Sargent Kendall Kretzschmer ("Kretzschmer") worked for the Livingston County Sheriff's Office located at 150 S. Highlander Way, in the City of Howell, County of Livingston, State of Michigan, and at all material times relevant to this Complaint, acted under the color of the law.

2

5. Defendant Deputy Ryan Tibbetts ("Tibbetts") worked for the Livingston County Sheriff's Office located at 150 S. Highlander Way, in the City of Howell, County of Livingston, State of Michigan, and at all material times relevant to this Complaint, acted under the color of the law.

6. Defendant Deputy Bryan Uzoni (Uzoni") worked for the Livingston County Sheriff's Office located at 150 S. Highlander Way, in the City of Howell, County of Livingston, State of Michigan, and at all material times relevant to this Complaint, acted under the color of the law.

7. Livingston County Sheriff's Department holds itself out as being committed to the values of integrity and fairness in its interactions with citizens.

## JURISIDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal claims raises in this action pursuant to 28 U.S.C. § § 1331 and 1343.

9. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § § 1988 and 12205.

10. This Court has jurisdiction to issue declaratory, and other relief under 28 U.S.C. § § 2201 and 2202.

3

11. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Brighton, County of Livingston, State of Michigan.

## **STATEMENT OF CLAIM**

12. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

13. On July 07, 2024, at approximately 10:00 a.m. Plaintiff was driving home from his cottage in Roscommon County, State of Michigan.

14. On July 07, 2024, Plaintiff was pulled over by Defendants Tibbetts and Uzoni due to him serving on the highway.

15. Plaintiff informed Defendants Tibbetts and Uzoni that he was suffering from severe groin pain, and high blood pressure.

16. Plaintiff informed Defendants that his blood pressure medication was on the passenger front seat.

17. Defendants Tibbetts and Uzoni began to accuse Plaintiff of being under the influence and demanded he exit his vehicle.

18. Plaintiff stated that he was unable to move, had pain in his groin, and pain shooting from his leg, all signs of a life threatening stroke. It was apparent that Plaintiff was having a life threatening emergency.

4

19. Defendants Tibbetts and Uzoni forcibly removed Plaintiff from his vehicle while screaming profanities at him.

20. Defendants Tibbetts and Uzoni forcibly threw Plaintiff onto the ground of the highway, wherein his head struck the Livingston County vehicle's tire.

21. Defendants Tibbetts and Uzoni handcuffed Plaintiff whilst pinning him on the ground.

22. Defendants Tibbetts and Uzoni held Plaintiff on the ground for approximately thirty (30) minutes wherein one of the Defendants placed their foot on Plaintiff's back.

23. Defendants Tibbetts and Uzoni then attempted to conduct a field sobriety test on Plaintiff, despite noticing that he was unable to stand without assistance.

24. Defendants Tibbetts and Uzoni laughed at Plaintiff while he was convulsing and urinated on himself due to the stroke paralyzing the left side of his body.

25. Defendants Tibbetts and Uzoni then finally contacted EMS and Plaintiff's wife.

26. When EMS arrived on the scene, it was clear that Plaintiff was suffering a medical emergency that required immediate medical attention.

27. Defendants Tibbetts and Uzoni continued to laugh at Plaintiff after the EMS left, making fun of him for suffering a medical emergency.

5

28. On July 07, 2024, Plaintiff was transported to Ascension-Providence Novi Hospital.

29. On July 07, 2024, Plaintiff was informed that he had a right basal intracerebral brain hemorrhage with an estimated volume of 16 mL due to a blood clot that required immediate surgery.

30. Despite Plaintiff's compliance and attempts of explaining his medical condition, Defendants Tibbetts and Uzoni used excessive force by violently pulling Plaintiff out of his vehicle, slamming him into the ground, and stepping on his back under, slamming his head into the police car tire, and failing to take immediate action when Plaintiff informed them that he was having a medical emergency.

31. Since the July 7, 2024, incident as a direct and proximate result of Defendants' use of excessive force and delay in obtaining medical care, Plaintiff suffered extensive bruising, Plaintiff's stroke worsened, resulting in catastrophic injuries that required emergency brain surgery, extended hospitalization of forty-six (46) days across multiple facilities, and months of intensive in-patient rehabilitation care and at-home care.

6



32. As a result of Defendant's Tibbetts and Uzoni's use of excessive force and delay in obtaining emergency medical care, Plaintiff sustained severe physical and neurological injuries, including but not limited to:

   a. Severe bruising.

   b. Right basal ganglia intracerebral hemorrhage requiring emergency craniotomy and intracranial catheter placement;

   c. Left-sided hemiplegia and hemiparesis with residual left-sided weakness;

   d. Severe cognitive impairments including confusion, disorientation, memory deficits, impaired judgment, and decreased problem-solving abilities;

   e. Left-sided neglect and inattention;

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

7

f.  Dysphagia requiring nasogastric tube feeding and modified diet;

g.  Hypertensive emergency with blood pressure of 187/97 requiring intensive management;

h.  Acute kidney injury requiring nephrology consultation, progressing to chronic kidney disease stage 3B;

i.  Ventilator-dependent respiratory failure requiring intubation for airway protection;

j.  Decreased motor control, balance deficits, and impaired coordination;

k.  Left facial droop and dysarthria;

l.  Sensory deficits including impaired light touch, deep pressure sensation, and stereognosis in left upper extremity;

m. Significant loss of independence with activities of daily living requiring maximum assistance for bed mobility, transfers, ambulation, bathing, dressing, grooming, and toileting;

n.  Residual CSF cavity and chronic infarct in right putamen measuring 4.5 x 0.9 cm;

o.  Severe bruising and physical trauma from being thrown to the ground;

p.  Loss of ability to drive, work, and perform household tasks;

q.  Depression requiring ongoing treatment;

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

r. Permanent neurological deficits requiring ongoing medical management and supervision.

33. At no point did Plaintiff resist arrest, attempt to flee, or pose a threat to the safety of the officers or others.

34. Defendant Tibbetts and Defendant Uzoni were present during the entire incident and had a reasonable opportunity to intervene to prevent the use of excessive force, but each Defendant failed to do so.

35. The actions of Defendants Tibbetts and Uzoni were objectively unreasonable and constituted excessive use of force in violation of the Fourth and Fourteenth Amendments to the United Stated Constitution.

36. The failure of Defendant Tibbetts and Defendant Uzoni to intervene and prevent the use of force also violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

37. As a result of Defendants' excessive force, Plaintiff has suffered serious injuries that required surgery and caused Plaintiff to suffer permanent injuries.

## COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
### *(Against Defendants Tibbetts, Uzoni, and Kretzschmer)*

38. Plaintiff Gregg Kidney hereby incorporates the preceding paragraphs as though fully set forth herein.

9

39. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

40. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

41. The Fourth Amendment of the U.S. Constitution protected Plaintiff from excessive force.

42. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

43. Defendants Tibbetts, Uzoni, and Kretzschmer were "persons," as defined under 42 U.S.C. § 1983, and as agents of the Livingston County Sheriff's Office, were acting under the color of the law at all times relevant to this action.

44. By ripping Plaintiff out of his car, slamming him down, hitting his head on the police cruiser tire, stepping on his back, and failing to immediately get him medical attention Defendant Tibbetts, Uzoni, and Kretzschmer, acted under color of the law with deliberate indifference, and violated Kidneys right

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

45. The severity of the crime, or the assumption of the crime, was minor.

46. Kidney did not pose an immediate threat to the safety of the officers or others.

47. At the time that Defendants Tibbetts, Uzoni, and Kretzschmer, ripped Plaintiff out of the car and slammed him down to the ground hitting his head on the police cruiser tire, Kidney was not actively resisting arrest or attempting to evade arrest by flight.

48. Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

49. As a proximate result of Defendant's actions and inactions, Plaintiff suffered and continues to suffer physical and neurological injuries and damages. Plaintiff continues to experience neurological complications such as memory loss and confusion.

50. Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II – *MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. § 1983
### *(Against Livingston County Sheriff's Office & Sargeant Kendall Kretzschmer)*

51. Plaintiff Gregg Kidney hereby incorporates the preceding paragraphs as though fully set forth herein.

11

52. Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

53. The foregoing rights were clearly established at the time of the violations.

54. Livingston County Sheriff's Office failed to properly train, authorize, encourage or direct Tibbetts, Uzoni, and Kretzschmer on the proper use of force.

55. In the alternative, Defendants Tibbetts, Uzoni, and Kretzschmer, acted in conformance with Livingston County Sheriff's Office policy or practice of imposing unnecessary and excessive force.

56. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including adequate training, by Livingston County Sheriff's Office, acting under the color of its statutory and legal authority, including but not limited to:

   a. Implementing a policy and practice of imposing unnecessary and excessive force;

   b. Improperly training, authorizing, encouraging or directing officers on proper use of force.

   c. Failing to investigate allegations of excessive force.

12

d. Failing to discipline officers/deputies for violations of policy related to excessive force.

e. Implementing a policy and practice of identifying medical emergencies.

f. Improperly training, authorizing, encouraging or directing officers to ignore clear signs of medical emergencies.

g. Failing to discipline officers/deputies for hindering medical treatment in the event of a medical emergency.

57. These customs, policies, and procedures of Livingston County Sheriff's Office, along with improper training, monitoring, instruction, direction, discipline, and supervision were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiff.

58. The improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiff's constitutional rights.

59. Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. § 1983.

60. As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his rights

13

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

under the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT III: GROSS NEGLIGENCE
### (*Against all Defendants*)

61. Plaintiff Gregg Kidney hereby incorporates the preceding paragraphs as though fully set forth herein.

62. Defendants Livingston County Sheriff's Department, Sargent Kendall Kretzschmer, Deputy Ryan Tibbetts, and Deputy Bryan Uzoni owed Plaintiff a duty of care in the performance of their law enforcement functions.

63. Defendants not only breached their duty to Plaintiff, but also acted with gross negligence under the laws of the State of Michigan as to Plaintiff's safety and health by:

   a. Failing to recognize the signs of a medical emergency, despite observing that Plaintiff was partially incoherent, had eyes glossed over, was struggling to stand up without assistance, and informed Defendants that he had high blood pressure and had just picked up his prescription medication, all of which are observable indicators of a medical crisis;

   b. Failing to render or summon immediate emergency medical assistance upon observing that Plaintiff was slurring his words and could not move, was in obvious distress, and had repeatedly communicated that he was suffering from severe blood pressure problems and extreme

14

pain, despite the known risk that delay in treatment during a stroke would cause irreversible neurological injury;

c.  Forcibly removing Plaintiff from his vehicle, throwing him onto the ground such that his head struck the patrol vehicle's tire, handcuffing him, and pinning him to the ground for approximately thirty (30) minutes with a foot placed on his back, while Plaintiff was visibly incapacitated and actively experiencing a hemorrhagic stroke;

d.  Attempting to conduct a field sobriety investigation on Plaintiff, despite observing that he was unable to stand without assistance and despite Plaintiff's repeated communications that he was in the midst of a medical emergency, thereby knowingly delaying emergency medical intervention;

e.  Failing to acknowledge and respond to Plaintiff's visible neurological deterioration, including convulsions, urination caused by stroke-induced left-side paralysis, and eyes rolling back in his head, and instead laughing at Plaintiff while he was in extremis;

f.  Acting or failing to act in other ways to expose Plaintiff to a known and extreme risk to his health and safety that may or will become known during discovery.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

15

64. The acts and conduct of Defendants alleged in this Count, when considered under the laws of the State of Michigan, constitute gross negligence, and Defendants are not entitled to governmental immunity because they were grossly negligent.

65. The conduct of Defendants was so reckless as to demonstrate a substantial lack of concern for whether injury resulted and exhibited a deliberate indifference by intentional acts and/or omissions amounting to gross negligence.

66. It was foreseeable that Defendants' actions and omissions, as set forth above, would result in severe injury to Plaintiff.

67. Defendants were the factual cause of Plaintiff's injuries.

68. Defendants' actions were the most immediate, efficient, and direct cause of Plaintiff's injuries.

69. As the direct and proximate result of Defendants' gross negligence, Plaintiff is entitled to all damages and relief available at law and equity.

## **DEMAND FOR RELIEF**

Plaintiff requests this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiff against Defendants;

c. Award Plaintiff compensatory and punitive damages;

16

d.  Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e.  Grant other appropriate relief.

Dated: June 9, 2026                    Respectfully Submitted,


                                       /s/ Nichole A. Omilion
                                       Nichole A. Omilion (P86380)
                                       **MARKO LAW, PLLC**
                                       220 W. Congress, Fourth Floor
                                       Detroit, MI 48226
                                       P: (313) 777-7777 / F: (313) 470-2011
                                       nichole@markolaw.com

17

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

GREGG KIDNEY,

     Plaintiff,

LIVINGSTON COUNTY SHERIFF'S DEPARTMENT,

and SARGEANT KENDALL KRETZSCHMER,

DEPUTY RYAN TIBBETTS,

DEPUTY BRYAN UZONI, in their individual capacities,

     Defendants.

Case No. 26 -          - CV

Hon.

---

NICHOLE A. OMILION (P86380)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, Fourth Fl
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 470-2011
nichole@markolaw.com

---

## <u>JURY DEMAND</u>

NOW COMES Plaintiff, GREGG KIDNEY, by and through his attorneys, MARKO LAW,

PLLC, and hereby demands a trial by jury in the above-captioned matter.

     Respectfully submitted,

     /s/ *Nichole A. Omilion*
     Nichole A. Omilion (P86380)
     **MARKO LAW, PLLC**
     220 W Congress, Fourth Floor
     Detroit, MI 48226
     (313) 777-7529 / Fax: (313) 470-2011
Dated: June 9, 2026     Email: nichole@markolaw.com

1